UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
420 TENANTS CORP.                :
                                 :   No.
                    Plaintiff,   :
                                 :
         vs.                     :   **ORIGINAL COMPLAINT**
                                 :
THE STANDARD FIRE INSURANCE COMPANY:
                                 :
                                 :   **Jury Trial:  No**
                                 :
                    Defendant.   :
---------------------------------------------------------------X

Plaintiff, by its attorneys, Gauthier, Houghtaling & Williams, for its Complaint against the Defendant, The Standard Fire Insurance Company, alleges the following upon information and belief:

**PARTIES**

1. The Plaintiff listed below is a New York corporation that owns a building that is located within this judicial district. Its property, located at the addresses shown below, was insured against flood damages by the Defendant.

| Claims Name | Property Street | City | State | Zip | Insurance Policy Number |
|---|---|---|---|---|---|
| 420 Tenants Corp. | 420 Shore Road. | Long Beach | NY | 11561 | 6001563649 |

2. Named as Defendant herein is The Standard Fire Insurance Company ("Defendant"), a private insurance company incorporated under the laws of the State of New York, with its principal place of business located in Florida.

3. Defendant is a "Write Your Own" ("WYO") carrier participating in the National Flood Insurance Program pursuant to the National Flood Insurance Act ("NFIA"), as amended, 42 U.S.C. § 4001, et seq. Defendant issued Standard Flood Insurance Policies (the "Policies") in its own name, as a fiscal agent of the United States. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Defendant was and is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Policies.

## JURISDICTION

4. This action arises under the NFIA, Federal regulations and common law, and the flood insurance policy that Defendant procured for and issued to the Plaintiff in its capacity as a WYO carrier under the Act. The Policy covered losses to Plaintiff's property, which is located in this judicial district.

5. Federal Courts have exclusive jurisdiction pursuant 42 U.S.C. § 4072 over all disputed claims under NFIA Policies, without regard to the amount in controversy, whether brought against the government or a WYO company.

6. This Court has original exclusive jurisdiction to hear this action pursuant 42 U.S.C. § 4072 because the insured property is located in this judicial district.

7. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

**VENUE**

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 because it is where the Plaintiff's property is located and where a substantial part of the events at issue took place.

**FACTUAL BACKGROUND**

9. Plaintiff purchased a Standard Flood Insurance Policy from Defendant to insure its property and contents located at the address shown above against physical damage by or from flood.

10. Plaintiff paid all premiums when due and the Policy was in full force and effect on the date relevant to this suit.

11. On or about October 29, 2012, Superstorm Sandy (the "Storm") made landfall in the greater New York Metropolitan area, causing widespread devastation and severely damaging Plaintiff's insured property.

12. As a result of the Storm, Plaintiff suffered losses by and from flood to its insured property and to personal property and contents located therein. Plaintiff has incurred and/or will incur significant expenses to repair and replace its flood-damaged property.

13. Plaintiffs reported the damage and properly submitted its claims to Defendant. Plaintiff duly performed and fully complied with all of the conditions of the Policy.

14. Defendant unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied or unfairly limited payment on the Plaintiff's claims.

15. Plaintiff retained independent experts to evaluate the damages to its insured property caused by and from flood. The experts determined and found conclusive evidence that the flood event critically damaged Plaintiff's covered property. These damages were thoroughly

documented and reports were submitted to Defendant for review. Defendant has unfairly and improperly persisted in denying the claims.

## FIRST CLAIM FOR RELIEF

*Breach of Contract*

16. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs 1 through 15 as if fully set forth herein.

17. Plaintiff and Defendant entered into a contract when Plaintiff purchased and Defendant issued the Policy.

18. The Policy, at all times relevant and material to this case, provided flood insurance coverage to Plaintiff for, among other things, physical damage caused by flood to its property and contents located at the address shown above.

19. Plaintiff fully performed under the contract by paying all premiums when due and cooperating with Defendant regarding its claims. Plaintiff complied with all conditions precedent to its recovery herein.

20. Defendant failed to perform and materially breached the insurance contract when it wrongly failed to pay and refused to reimburse Plaintiff what it was owed for damages the Storm caused to the covered property. Defendant also breached the contract by failing to perform other obligations it owed under the Policy.

21. By virtue of its various breaches of contract, including its failure to fully reimburse Plaintiff for its covered losses, Defendant is liable to and owes Plaintiff for the actual damages it sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered property, together with interest and all other damages Plaintiff may prove as allowed by law.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff herein respectfully requests that the Court enter judgment in its favor for such amounts as Plaintiff may prove at trial, for reasonable attorneys' fees and costs, expenses, pre-judgment and post-judgment interest as provided by law, and other and further relief the Court may deem just and proper.

    Respectfully submitted,

    **Gauthier Houghtaling & Williams**

By: _____

Sean Greenwood
SG 3836
52 Duane Street
New York, NY 10007
Telephone: (646) 461-9197
Facsimile: (713) 630-8074

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
420 TENANTS CORP.          :
                           :         No.
            Plaintiff,     :
                           :
    vs.                    :         **RULE 7.1(a) STATEMENT**
                           :
THE STANDARD FIRE INSURANCE COMPANY:
                           :
                           :
                           :
            Defendant.     :
---------------------------------------------------------------X

PURSUANT to Rule 7.1(a) (Formerly Local Civil Rule 1.9) of the Federal Rules Civil Procedure, in order to enable judges and magistrate judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Plaintiffs, a non-governmental party, certifies that the following are corporate parents, affiliates and/or subsidiaries of said party which are publicly held: NONE.

Dated:  New York, New York
        October 28, 2013

                                        Respectfully submitted,

                                        Gauthier Houghtaling & Williams, LLP

                                        By: _____
                                        Sean Greenwood
                                        SG 3836
                                        Attorney for Plaintiff
                                        52 Duane Street – FL 7
                                        New York, NY 10007
                                        Telephone: (646) 461-9197
                                        Facsimile: (212)732-6323

6